# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>           Plaintiff,<br>vs.<br><br>MATTHEW R. SEEKATZ,<br><br>           Defendant. | 3:09-po-033-JDR<br><br>**MEMORANDUM OPINION**<br>**Trial by Court**<br>**Judgment of Acquittal** |

       This cause was tried to the court on December 23, 2009. Defendant Matthew Seekatz was charged with driving 25 miles per hour in a posted speed limit of 15 on Ft. Richardson, Alaska, on September 30, 2009. At trial, Seekatz argued that the posted sign relied upon by the government did not provide him with adequate notice of the reduced speed limit or comport with due process of law. At the end of the trial the court requested briefs from the parties regarding the regulatory standards for speed limit signs regarding the size of print required to give

adequate notice of a reduced speed limit. The government and the defendant submitted briefs at Dockets 4 and 5 respectively. This matter is now ripe for a decision addressing the due process issue asserted by Seekatz.

The speed limit sign in question changed the 25 mile per hour (MPH) speed limit to 15 miles per hour by stating the following words: "Monday - Friday 6:30 AM - 7:45 AM." Seekatz argues that the lettering on the sign is not in conformity with the National Regulatory Standards prescribed by the Manual on Uniform Traffic Code Devices (MUTCD) which was relied upon by the government. The MUTCD is adopted by reference in accordance with 23 U.S.C. § 109(d) and Title 23, Code of Federal Regulations, Part 655.603. The regulations state that the MUTCD is the national standard for all traffic control devices installed on any street, highway, or bicycle trail open to public travel.

The MUTCD required special conditions for a conventional road to be at least 2.5 inches in height. These design details are based on the category of road the sign governs. In its brief, the government explains that for a conventional road, any special condition should be at least 2.5 inches in height with a "D" width which would apply to the sign at issue in the instant case. The court agrees with the government's reasoning in this regard.

The parties disagree as to whether the sign is in conformity with the standards prescribed by the MUTCD. The government claims that the defendant's

testimony and exhibits reveal that the conditions posted on the speed sign for the reduced speed are 2.5 inches in height. Docket 4, p.3 To the contrary, the defendant's testimony and exhibits indicate that the lettering on the sign is 2 inches in height and not 2.5 inches as required by MUTCD.

The government's evidence does not refute the evidence presented by the defendant at trial. The government bears the burden of proving that the speed sign relied upon complies with the standard approved by federal law. Because the government's evidence fails to show that the sign relied upon met the prescribed standard for traffic signs, the court finds that the defendant prevails on his due process argument. Accordingly, the defendant prevails in his defense and the court enters a judgment of acquittal. This decision shall serve as the final judgment of the court without any further hearing. The clerk is requested to enter an appropriate judgment on the record thereby concluding this prosecution.

DATED this 16th day of March, 2010, at Anchorage, Alaska.

    /s/ John D. Roberts
JOHN D. ROBERTS
United States Magistrate Judge